IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:18CR660 |
| | ) | |
| Plaintiff, | ) | JUDGE BOYKO |
| | ) | |
| -vs- | ) | SENTENCING MEMORANDUM |
| | ) | |
| DAVID GREATHOUSE JR. | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, through counsel, respectfully submits the instant Sentencing Memorandum to support his request for a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing under Title 18 U.S.C. §3553.

Respectfully submitted,

S/ Kirk A. Migdal

**KIRK A. MIGDAL (0054878)**
Attorney for Defendant
411 Wolf Ledges Pkwy., Ste. 400
Akron, OH 44311-1053
(330) 762-6474 FAX (330) 762-1050

## SENTENCING MEMORANDUM

Defendant David Greathouse, contends that the §3553 factors compel a sentence below the calculated Guidelines range. Mr. Greathouse pled guilty to one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). There is no plea agreement in this case.

Count I carries a statutory mandatory minimum sentence of five years and a twenty year maximum. The advisory guideline range is 151-188 months of imprisonment.

## SENTENCING COMMISION REPORT

In 2012, the United States Sentencing Commission released a report to Congress on the child pornography guidelines for non-production offenders. See United States Sentencing Commission: *Federal Child Pornography Offenses (2012)* The Commission found that because the enhancements for computer use and type and volume of images " now apply to most offenders," the guideline fails to differentiate among offenders in terms of their culpability. It explained that " technological changes have resulted in exponential increases in the volume and ready accessibility of child pornography, including many graphic sexual images involving very young victims, a genre of child pornography that previously was not widely circulated." Id at 6. Because " sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct now routinely apply to the vast majority of offenders, the current guidelines does not adequately distinguish among offenders regarding their culpability for their collecting behaviors. Id. at 323.

## GUIDELINE CALCULATIONS IN MR. GREATHOUSE'S CASE

The guideline scheme that ferries the ordinary offender to the high end of the statutory

range can readily be seen in Mr. Greathouse's case. He begins with a base offense level of 22 because the government chose to charge him with receipt and distribution rather than possession. The base offense level would have been 18 had he been charged with possession. Mr. Greathouse then received all of the increases that typically apply in these cases : 2 levels because the materials involved a prepubescent minor, 2 levels because of distribution, 4 levels because of sexual exploitation of an infant or a toddler, 2 levels for use of a computer, and 5 levels for the number of images.

The resulting compilation of values assigned to the offense characteristics in Mr. Greathouse's case , which are largely the same ones found in nearly all child pornography cases is a guideline range of more than 12 ½ to more than 13 ½ years.

## REQUEST FOR VARIANCE

Greathouse submits that a guideline sentence of 151-188 months represents a significantly greater sentence than is necessary to satisfy the goals of sentencing and therefore requests a downward variance to 100 months.

A sentence of 100 months would provide just punishment and provide adequate deterrence for the offense committed by Mr. Greathouse. He has no previous felony record and while 100 months would be a downward variance it is still an exceptionally long sentence for someone who has never been to prison. In addition he would also be on highly restrictive and lengthy period of supervised release.

This requested sentence would also protect the public from further crimes of the defendant.  As this court is aware, numerous studies have shown that this type of sexual offender has a lower recidivism rate when compared to non-sex offenders and his likelihood of reoffending would also be reduced by appropriate sex offender treatment. In addition, the

Department of Justice has found that no correlation exists between the length of sentence given a defendant and their recidivism rate. ( romaine et. Al. Predicting Reoffense for Communtiy – Based Sexual Offenders).

## **CHARACTERISTICS OF MR. GREATHOUSE**

As previously indicated, Mr. Greathouse has no previous felony record and only one misdemeanor conviction resulting in a criminal history category I. In discussions with Mr. Greathouse throughout the pendency of this case, his has always expressed nothing but remorse for his actions. He knew the what he was doing was both illegal and wrong. He wanted help but didn't where to turn to get that help. He has indicated to counsel that he does not want to be this way. Attached to this motion are letters from family and friends who know another side of David and request that this court consider the David they know in passing sentence.

To: The Honorable Judge Boyko
RE: David T. Greathouse, Jr.

April 6, 2019

Your Honor:

I understand the seriousness of the charges David Greathouse Jr. has admitted to. However, I wanted to share my observations of Davy as he is known to the family in the hopes it might shine some light as to his overall character. The charges he has admitted to of are contrary to the man I have known and I was very shocked when I heard about them. I am the boyfriend of Kathy Mattice who is Davy's Aunt and I have known Davy for over 20 years.

I have always know Davy to be a kind, gentle, helpful and caring individual. A true gentleman. Last winter my Kia Soul had a flat tire in the driveway so I would have been unable to make it to my job the next day. It was 5 degrees out and I had no tools to work on my Kia. My girlfriend called her sister Barb (Davy's mother) and she suggested that we call Davy to see if he might be able to help us. Within an hour, Davy was at our door dressed in coveralls and with a mechanic's jack and his toolbox in the bed of his truck and he proceeded to remove the flat and replace it with the spare so I could go to work the next day and have the flat repaired at Walmart after work. The temperature out side didn't seem to bother Davy in the least and when he was leaving we thanked him and he said he was just glad to help. This is just one example of the many times Davy helped us out refusing to accept any money for his help. That day, after changing our tire, I mentioned to Davy that we were having major flooring issues in our bathroom around the toilet. He suggested that I check You Tube to see if there were any videos describing how to do the repair and offered his help and tools whenever we decided to attempt the flooring repair. Another time we were having money problems between paychecks due to another costly auto repair. I didn't have enough money for gas to make it to work that week. I didn't know what I was going to do. My girlfriend mentioned this to Davy's mother Barb. That week Barb was also having money issues so she again suggested that we contact Davy to see if he might be able to help us. Davy told me to meet him at the gas station near his home and within a half hour Davy had paid to fill my gas tank so I could make it to work that week, again refusing the money when I went to pay him back. Davy has not only helped us out over the years, but also helped out countless other friends and relatives each time always refusing money and always just very happy he could help out. These have been my observations of Davy over the years. Though I hate what he has done I still love this young man and stand ready to be a positive and supportive presence in his life when he comes home.

Sincerely,

*David Mays*
David Mays

To: The Honorable Judge Boyko
RE: David T. Greathouse, Jr.

May 22, 2019

Your Honor:

My name is Kathy Mattice, and I am the sister of Barb Cummings, David Greathouse Jr.'s aunt. I have known and loved David Greathouse all his life, and I will love him all of mine. There is nothing he has done or could ever do that will change that. I stand ready to be a part of his life when he is allowed to come home to us, and he is welcome in my home, at my table and in my heart forever....he is family.

Having said all that, I want you to know that I understand the serious nature of these offenses. I cannot think of nephew Davy being involved in this without a feeling of unreality and a sick, sinking feeling in the pit of my stomach. He has not tried once to cover his behavior or defend himself from the consequences, and I believe this is a sign of his shame, and his desire to turn away from this part of his life forever.

My Davy was a kind and wonderful child and is a thoughtful, considerate, loving man. I have worried about his physical health with the high blood pressure and back pain he has experienced. I did not know I needed to worry about his mental state, or the depths of depression that were weighing him down: Always slow of speech and a little slow to react, I did not realize what was going on in his heart or soul. He was a good, loving man with a secret life; one I know he is glad is over.

There is no way to turn back time; if I could, I would burn his computer, confront his behavior and force him into therapy, becoming his personal dragon. As it is, I can only write letters of encouragement and hope, talk to him about faith and forgiveness, and stand by him, his mom, wife, children, and brother who are all hurting in his absence. We are all praying it won't be a very long one!

Thank you, sir, for your time and attention.

*Kathy M. Mattice*

Kathy M. Mattice

Friday, May 24, 2019

Dear Judge Boyko,

    I am writing in regards to David Greathouse Jr. I am well aware of his charges, and I also know this isn't the person that I met many years ago. I think that he has realized that he needs help for the crime that he has committed. I do want to explain his character. David was always a gentle giant, took time for his kids and wife whenever they needed him. I always felt safe around him. Before my husband passed away this last January, he visited David. He explained to him the sin and consequence that come from addiction as my husband had his own demons of addiction to battle in the past. He explained to him to work the treatment programs and come home to his wife and children a changed man, a better man. In the following week I visited David myself and I told him to not let Marvin's dream for him to die in vain. David has always been there for my husband and I through thick and thin. David needs help, to get that help he would benefit greatly from being in a facility that has treatment, but he also knows what he did wrong. A lengthy sentence would not do David any good to become a productive member of society. He needs attainable goal to reach and allowing him to go through the treatment and then a release to his family I feel would be in the best interest of him and society. David has expressed many times that he is wanting to hit the ground running getting treatment for his addiction and that he would love to have the opportunity to show the courts that he can be a changed man. I believe him when he says these things, no doubt in my mind. Whenever David has had his mind set on something he does it. As a judge I know you have guidelines and rules to follow but please take mercy on my son in law.

Thank you for your time

*Gwenlyn J Reddick*
Gwenlyn J Reddick

1

Friday, May 24, 2019

Dear Judge Boyko,

      I am writing this letter as a witness to David Greathouse Jr character, knowing exactly what his charges and the situation that he is in pertaining to them. I think you should know that David has a kind heart, he cares for his family, and loved ones deeply. I have never known him to have a violent side to him, his wife (who is my niece) and their children. This is a man who has stepped up and taken on responsibilities that were not his to take because he loves his family so much. I have watched him over the years take care of those around him and never ask for anything in return. David needs help, therapy, and treatment to be a productive member in society. I am sure that having him in custody you can tell that he is not a danger to others much less his wife children, and family. I have known David for 12 years now and I have never seen him to have any violent tendencies. I have lived next to them for 3 years so I have first-hand knowledge of his privacy of his home and his daily living and not in a million years did I ever think that he would be capable of this. Nonetheless, David needs placed into a treatment facility like FCI Elkton, which can provide the treatment for him that he needs. Also a lengthy sentence would not serve him well due to his nature. Once he has received treatment he wants to prove to you the courts, his family and his community that he can change. I know that's what he desires so badly, and I know it to be true. Please take my pleas into consideration. Thank you for your time in this matter.

Sincerely

*Gennieve A. Reddick*
Gennieve Ann Reddick

Friday, May 24, 2019

Dear Judge Boyko,

      I am David Greathouse Jr's wife. I am very aware of his charges and the seriousness of the situation he is in. The day I met my husband I knew I was destined to spend the rest of my life with him. He was this gentleman he was so good, gracious, and humble. Somewhere along the way he must have lost himself. The man that was arrested on October 16th, 2018 was not that man who I met in the summer of 2006. That was a man who has a demon of a specific addiction problem. I know my caring, loving, gracious, and humble husband is buried deep under the snow of this addiction. He always put our children first that was never a quality that I had to ever worry about. I believe that a lengthy sentence would serve him no justice in becoming a productive member back into society. Him and I have had many talks, I think that he know what he has done is wrong and inexcusable. That he will never do this again and is willing to abide by the restrictions that will alter his life in and outside of the system. I believe that he will and continue to accept responsibility for his actions and that he is completely remorseful. I believe that it will serve him well to be in a facility that has a treatment program like the one provided at FCI Elkton. Also he has expressed many times that he is willing to take voluntary classes to ensure that he becomes low risk at reoffending. Please give my husband the tools to be a better man, to come out and be back to the man I fell in love with in the summer of 2006, for himself, his wife, and his children sake.

Thank you

*Patricia Juel Greathouse*

Patricia Juel Greathouse

1

Friday, May 24, 2019

Dear Judge Boyko,

    I am writing this letter in knowledge that I know and understand what David Greathouse Jr is being charged with. I also want to express my witness to his character. I have known David for 12 years now, he is married to my granddaughter and is the father of her children. He has always been a very attentive father, husband, and grandson. He would assist me in anything that I would need help with around the house without any question. He has assisted my late son in yard work, automobile work, and electrical work. I feel it would be in the best interest to society and for David if he was put in a facility that gave him the treatment he needs for his addiction, and then give him the opportunity to show he can change. A lengthy sentence would keep him longer from his family that gives him the willpower to change himself for the good. Thank you for your time in this matter.

Sincerely

Carol Ann Reddick
*Carol Ann Reddick*