## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18CR660 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID GREATHOUSE, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant David Greathouse asks this Court for compassionate release due to COVID-19. (Doc. 36). But because Defendant failed to first exhaust his administrative remedies, the Court **DENIES** Defendant's request **WITHOUT PREJUDICE**.

### I. BACKGROUND

On November 9, 2018, a Grand Jury indicted Defendant with one count of Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2); and one count of Possession of Child Pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B).

In April of 2019, Defendant pleaded guilty to both counts in the Indictment. On July 23, 2019, the Court sentenced Defendant to 151 months imprisonment and 10 years supervised release. Defendant is currently serving his imprisonment at Elkton Federal Correctional Institution.

On May 26, 2020, Defendant filed his Motion for compassionate release. (Doc. 36). Defendant argued that the presence of COVID-19 at the facility and his prior medical diagnosis justify his compassionate release. The Government opposed Defendant's request on June 3, 2020. (Doc. 37).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, one of two things must occur: either defendant has exhausted all administrative rights to appeal the Bureau of Prison's failure to bring a motion on his behalf or defendant has waited thirty days since he asked the warden of the facility to file a request on his behalf. *Id.*

In other words, prisoners must first exhaust their administrative remedies before seeking a district court's involvement. *United States v. Alam*, --- F.3d ----, 2020 WL 2845694, No. 20-1298 (6th Cir. June 2, 2020); *United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020); *United States v. Ciccone*, 2020 WL 1861653 (N.D. Ohio Apr. 14, 2020) (Polster, J.) (the amended § 3582(c)(1)(A) did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief) (citations omitted). Moreover, courts cannot create exceptions to the mandatory exhaustion requirement. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016) ("mandatory language means a court may not excuse a failure to exhaust, even to take such [special] circumstances into account"); *United States v. Alam*, --- F. Supp. 3d ----, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020) (collecting cases holding district courts cannot craft exceptions to exhaustion requirements in light of the COVID-19 pandemic).

Here, Defendant has not exhausted his administrative remedies before seeking the Court's involvement for compassionate release. Defendant admits that he "has not yet applied for relief through the Bureau of Prisons[.]" (Doc. 36, PageID: 199). But Defendant claims that the "extreme nature of COVID-19" does not allow Defendant to exhaust "the administrative and lengthy process of the BOP." (*Id.*).

Defendant's claim of infeasibility is misguided. Section 3582(c)(1)(A) *expressly requires* a defendant to "exhaust[] all administrative rights." 18 U.S.C. § 3582(c)(1)(A); *Raia*, 954 F.3d 594. Where Congress specifically mandate[s it], exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Moreover, the Government invoked the exhaustion requirement in its opposition. *Alam*, 2020 WL 2845694, *4 ("[w]hen properly invoked, mandatory claim-processing rules must be enforced") (citations omitted). And despite other district courts holding otherwise due to COVID-19, this Court will not "engraft an unwritten 'special circumstances' exception onto" § 3582(c)(1)(A)'s exhaustion requirement. *Ross*, 136 S.Ct. at 1862.

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. However, requiring that Defendant first exhaust his administrative remedies not only upholds Congressional intent, but also protects "administrative agency authority" and "promotes efficiency." *Woodford*, 548 U.S. at 89 (2006). The Bureau of Prisons is taking the COVID-19 outbreak seriously. As the Sixth Circuit recently stated, "[t]he system is working as it should." *Alam*, 2020 WL 2845694, at *5. Allowing the Bureau to exercise its authority and expertise in this instance is even more important. *See generally*, *Raia*, 954 F.3d 594.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. 36) is **DENIED WITHOUT PREJUDICE**. The Court may consider the merits of Defendant's Motion for Compassionate Release after he properly exhausts his administrative remedies.

**IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **Senior United States District Judge**

**Dated: June 5, 2020**